1  Anthony Boskovich, No. 121198
   Law Offices of Anthony Boskovich
2  28 N. First Street, 6th Floor
   San Jose, California 95113-1210

3

4  (408) 286-5150
   policemisconduct@xompuserve.com

5

6  Attorney for plaintiffs TAMARA SMITH, WAYNE SMITH,
   and GEORGE DENTON

7

8      **IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA**

9              **EASTERN DISTRICT OF CALIFORNIA**

10                   **FRESNO DIVISION**

11

12 TAMARA SMITH; WAYNE SMITH;                    )       No.
   GEORGE DENTON,                                )
13                            *Plaintiffs,*      )       COMPLAINT FOR VIOLATION
                                                 )       OF CIVIL RIGHTS – JURY TRIAL
14 v.                                            )       DEMANDED
                                                 )
15 TYRONE SPENCER, individually and in his       )
   capacity as a command officer for the Stanislaus )
16 County Sheriff's Department and Chief of Police )
   for the City of Patterson; MARC MARTINEZ,     )
17 BADGE NO. S712; FRANCISCO SORIA,              )
   BADGE NO. SR15; DEPUTY/DETECTIVE             )
18 GROGAN, BADGE NO. S641; DEPUTY HERB          )
   DELAROSA; DEPUTY/DETECTIVE                   )
19 CAMPBELL; DEPUTY MELLO; DAVID                )
   HICKMAN, BADGE NO. S474; DEPUTY              )
20 RIVERA; SERGEANT BANKS; SERGEANT             )
   CAMARDA; SERGEANT PARKER; DEPUTY             )
21 SCHWARTZ; JOHN DOE and RICHARD               )
   ROE,  individually and in their capacities as )
22 Stanislaus County Deputy Sheriffs and Patterson )
   police officers, the true names and exact numbers )
23 of whom are unknown at this time; MARK       )
   PUTHOFF, individually and in his capacity as )
24 acting Sheriff of Stanislaus County; ADAM    )
   CHRISTIANSON, individually and in his capacity )
25 as Sheriff of Stanislaus County; COUNTY OF   )
   STANISLAUS, a municipal corporation; CITY    )
26

27

28 Complaint for Violation of Civil Rights –
   Jury Trial Demanded                                          Page 1

*(left margin, vertical)* Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

1  OF PATTERSON, a municipal corporation,              )
                                                 *Defendants.*      )
2  _____ )

3

4                              **JURISDICTION**

5

6      1.  This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction

7  is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The

8  unlawful acts and practices alleged occurred in the County of Stanislaus which is within this judicial

9  district and designated by this court to be venued in Fresno.

10

11                                **PARTIES**

12

13      2.  Plaintiff TAMARA SMITH is and at all times herein mentioned was, a citizen of the

14  United States and a resident of Stanislaus County, California.

15

16      3.  Plaintiff WAYNE SMITH is and at all times herein mentioned was, a citizen of the

17  United States and a resident of Stanislaus County, California.  WAYNE SMITH is a combat veteran

18  from the Iraq war and the son of TAMARA SMITH.

19

20      4.  Plaintiff GEORGE DENTON is and at all times herein mentioned was, a citizen of the

21  United States and a resident of Stanislaus County, California.   GEORGE DENTON is readily

22  recognized as having a disability.

23

24      5. Defendant COUNTY OF STANISLAUS ("COUNTY") is a municipal corporation, duly

25  organized and existing under the laws of the State of California.  Defendants MARK PUTHOFF

26  (hereinafter "PUTHOFF") and ADAM CHRISTIANSON (hereinafter "CHRISTIANSON") are,

27

28  Complaint for Violation of Civil Rights –
    Jury Trial Demanded                                                    Page 2

*Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150*

1  and at all time mentioned herein were, the Sheriffs for COUNTY, acting individually and under the

2  color of law and in the course and scope of their employment for defendant COUNTY.  Defendant

3  TYRONE SPENCER (hereinafter "SPENCER") is, and at all time mentioned herein was, a

4  command level officer for the COUNTY and Chief of Police for the CITY OF PATTERSON,

5  acting individually and under the color of law and in the course and scope of his/her employment

6  for said defendants.

7

8      6. Defendant CITY OF PATTERSON (hereinafter "CITY") is a municipal corporation,

9  duly organized and existing under the laws of the State of California.   Defendant TYRONE

10 SPENCER (hereinafter "SPENCER") is, and at all time mentioned herein was, a command level

11 officer for the COUNTY and Chief of Police for the CITY, acting individually and under the color

12 of law and in the course and scope of his/her employment for said defendants.

13

14     7. At all times mentioned herein, defendants MARC MARTINEZ, BADGE NO. S712

15 (hereinafter "MARTINEZ"), FRANCISCO SORIA, BADGE NO. SR15 (hereinafter "SORIA"),

16 DEPUTY/DETECTIVE GROGAN, BADGE NO. S641 (hereinafter "GROGAN"), DEPUTY

17 HERB DELAROSA (hereinafter "DELAROSA"), DEPUTY/DETECTIVE CAMPBELL

18 (hereinafter "CAMPBELL"),DEPUTY MELLO (hereinafter "MELLO"), DAVID HICKMAN,

19 BADGE NO. S474 (hereinafter "HICKMAN"), DEPUTY RIVERA (hereinafter "RIVERA")

20 SERGEANT BANKS (hereinafter "BANKS"),   SERGEANT CAMARDA (hereinafter

21 "CAMARDA"),  SERGEANT PARKER (hereinafter "PARKER"), DEPUTY SCHWARTZ

22 (hereinafter "SCHWARTZ"), and JOHN DOE and RICHARD ROE, (hereinafter "OFFICERS"),

23 were employed as deputy sheriffs for COUNTY and/or as police officers for defendant CITY.  By

24 engaging in the conduct described here, defendant officers acted under the color of law and in the

25 course and scope of their employment for defendants COUNTY and CITY.  By engaging in the

26 conduct described here, defendant officers exceeded the authority vested in them as deputy sheriffs

27

28 Complaint for Violation of Civil Rights –
   Jury Trial Demanded                                                      Page 3

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

and police officers under the United States Constitution and as employees of the COUNTY and CITY.

**STATEMENT OF FACTS**

8.   Plaintiff Tamara Smith is an employee of the Mountain View, California police department and is well known to "Chief" Tyrone Spencer of the Patterson police department and Stanislaus County Sheriff's Office.

9.   In 1997 or 1998, Ms. Smith's husband was retained as a private investigator to represent a Patterson police officer, and, as a result, he interviewed a reserve officer. Without any cause for so doing, Tyrone Spencer wrote Ms. Smith's employer and accused her of criminal activity. After an internal affairs investigation, Ms. Smith was exonerated. Ms. Smith made a vocal complaint about Mr. Spencer, and, as a result, Mr. Spencer was disciplined. Mr. Spencer never forgot Ms. Smith, and held a grudge and bided his time.

10.   On 2 June 2006, Ms. Smith attended the Apricot Fiesta in the City of Patterson with family and friends, including her son, Plaintiff Wayne Smith, and Plaintiff George Denton. Mr. Smith is an honorably discharged veteran who served in combat in Iraq with the United States Marine Corps. George Denton is a disabled man who has had several debilitating surgeries.

11.   At approximately 11:00 P.M., in front of Mil's Bar and Grill in downtown Patterson, Mr. Smith was encountered by Stanislaus County Deputy Sergeant Joe Camarda, and the two had a discussion.

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

12. At the same time, Mr. Denton had a discussion with Deputy Herb DelaRosa, and Deputy DelaRosa struck Mr. Denton by poking his finger in his chest with no reason for so doing.

13. Ms. Smith spoke with Sgt. Camarda and told him that she would take her son home, and Sgt. Camarda agreed. Sergeant Camarda determined that there was no probable cause to arrest anybody.

14. A crowd of deputies had gathered, including but not limited to County of Stanislaus/City of Patterson deputies Francisco Soria, Badge No. SR15, Deputy/Detective Grogan, Badge No. S641, Deputy Herb DelaRosa, Deputy/Detective Campbell, Deputy Mello, Deputy David Hickman, Badge No. S474, and Deputy Rivera. These deputies began to make comments that Mr. Smith and his fellow Iraq war veterans had not done anything while in service and were not deserving of respect or honor. Of course this upset Mr. Smith and his friends, as well as Mr. Denton, whose son was currently serving his country as a Marine in Iraq.

15. True to their word, Ms. Smith and her group began to leave the area, and the crowd of deputies menacingly followed the group for no reason other than to provoke them. There were words exchanged between the group, and an unknown deputy radioed that 2 men in their 20's who were wearing hats should be detained.

16. Deputy Marc Martinez, Badge No. S712, responded in his patrol car. He got out of his vehicle and ordered the men to stop. One of the men was Mr. Smith, who complied.

17. When Mr. Smith approached Deputy Martinez, he was ordered to turn around and place his hands on the sheriff's vehicle without any reasonable suspicion, much less probable cause.

Complaint for Violation of Civil Rights –
Jury Trial Demanded

Page 5

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

1  As Mr. Smith complied, either Deputy Martinez or Deputy Campbell body-slammed Mr. Smith

2  from behind without any reason for so doing, injuring him.

3

4          18.  Mr. Smith was placed under arrest for violation of Penal Code section 647, subdivision

5  (f), and put in the vehicle.  Mr. Smith's conduct did not meet the elements of that or any other crime.

6

7          19.  The group saw this unjustified activity, and became upset.  Without provocation or

8  justification, the deputies deployed their ASP batons as a show of force.  This caused plaintiffs to fear

9  for their safety.

10

11          20.  Ms. Smith begged the officers not to arrest her son because he had done nothing wrong,

12  and was ignored.

13

14          21.  Mr. Denton saw that an individual in the group was getting very upset, and Mr. Denton

15  turned to face this individual and pushed him away from the officers.  Despite his attempt at

16  peacemaking, and despite the fact that his back was turned to the officers, Mr. Denton was

17  aggressively grabbed from behind by Deputy Martinez and placed under arrest.

18

19          22.  Mr. Denton has suffered from several debilitating surgeries, and had a staph infection

20  that has cost him a substantial amount of his mobility in his legs.  This disability was readily

21  apparent.

22

23          23.  When Mr. Denton got to Deputy Martinez' vehicle, he was told to place his legs inside

24  the vehicle.  Mr. Denton told Deputy Martinez that he could not do so because of his disability and

25  also because he was handcuffed behind his back.  Rather than assisting Mr. Denton, Deputy

26  Martinez proceeded to sadistically slam the car door on Mr. Denton's legs 3 times, causing Mr.

27

28  Complaint for Violation of Civil Rights –
   Jury Trial Demanded

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

Denton severe pain and also injuring him.  Apparently satisfied that he had inflicted enough pain,
Deputy Martinez  then assisted Mr. Denton to get his legs into the vehicle.

24.  Mr. Denton and Mr. Smith were transported the short distance to the Patterson police
station, and there Mr. Smith was approached by Deputy Mello, who proceeded to berate and abuse
Mr. Smith by accusing him of being dishonorably discharged and not having served his country,
having done nothing in Iraq.  Contrary to the Deputy Mello's slanderous and despicable statements,
Mr. Smith had engaged in vicious combat in Iraq in service of his country.  This also severely upset
Mr. Denton, whose son was serving in Iraq at the time.  Words were again exchanged.

25.  Deputy Martinez then transported both Mr. Denton and Mr. Smith to the Stanislaus
County jail.  Mr. Denton requested an ambulance because of his injuries, but this was denied.

26.  As they proceeded to the jail, Mr. Denton told Deputy Martinez that he was in severe
distress, and needed something to be done.  Deputy Martinez stopped the car, opened the back door,
and asked Mr. Denton to get out on his own.

27.  Mr. Denton could not get out of the vehicle, and Deputy Martinez knew this.  Despite
this, Mr. Denton had to get out of the vehicle with the assistance of the handcuffed Mr. Smith, and
the handcuffed, disabled, and injured Mr. Denton fell to the ground on his stomach.

28.  Deputy Martinez then uncuffed Mr. Denton, rolled him onto his back and then cuffed
him in the front.  He then ordered Mr. Denton to get back in the car and refused to assist him.  Mr.
Denton, who could not get up because of his injuries, had to crawl back to the car and eventually
got himself back into the car.  Deputy Martinez then assisted Mr Denton with his legs into the
vehicle.

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

29.   Mr. Smith and Mr. Denton were booked for violating Penal Code section 647, subdivision (f), despite the fact that they did not meet that crime's criteria.  Mr. Smith was released and no criminal charges were ever brought against him.  Mr. Denton was eventually criminally charged.  Neither Mr. Smith nor Mr. Denton was ever given a chemical test to prove their state of sobriety.

30.  A typical infringement of constitutional rights by the Stanislaus County Sheriff/Patterson Police is to arrest innocent persons and charge them with violation of Penal Code section 647, subdivision (f), so-called drunk in public, and for the officers to write down that the suspect was so intoxicated that he or she could not care for himself or herself, and describe as though written with a rubber stamp that the suspect had a strong odor of an alcoholic beverage, had bloodshot and watery eyes, and slurred speech.  The suspect is then transported to a detention facility and held for several hours with no chemical test being administered, and then, when released, is totally unable to substantiate his or her actual sobriety.  Literally hundreds of citizens per year are forced to enter guilty or no-contest pleas rather than face a trial in which it is their dilemma to have to pay thousands of dollars for defense and in which they will be opposed by professional witnesses and in which they have no evidence other than their own testimony to prove their innocence.  The County of Stanislaus, its former Acting Sheriff Mark Puthoff and current Sheriff Adam Christianson, and Patterson police "Chief" Tyrone Spencer, were very aware of this scenario, and ratified it through official policies and procedures despite knowing the risks and actual consequences to the public.

31.  Shortly after his arrest, Mr. Smith made an internal affairs complaint against Deputy Mello and others, and despite the fact that Deputy Mello admitted his despicable conduct, his conduct was deemed unsubstantiated.  In fact, Deputy Mello is an unsatisfactory deputy who was recommended not to be hired during his field training program and has been the subject of

Law Offices of Anthony Boskovich 28 North First Street, 6ᵗʰ Floor, San Jose, CA 95113  (408) 286-5150

1 numerous complaints of misconduct.  Despite this fact, Deputy Mello has retained his job and not

2 been subjected to discipline.

3

4        32.  Mr. Smith's father also made a public complaint with a letter to the City of Patterson

5 and discussions with internal affairs investigators.

6

7        33.  Because of the complaints, "Chief" Spencer became aware that Ms. Smith had contact

8 with those under his command, and ordered his subordinates to actively push for criminal charges

9 to be lodged against her.  The Stanislaus County District Attorney declined to issue a complaint.

10

11        34.  Not satisfied, "Chief" Spencer ordered his subordinates, including but not limited to

12 Deputies Martinez and Grogan, to write false police reports in an effort to coerce the Stanislaus

13 County District Attorney to file charges against her.  Sergeant Banks read and approved these

14 reports despite knowing that they were false.  Bolstered by these police reports, Ms. Smith was

15 criminally charged.

16

17        35.  Not satisfied with the criminal charges, "Chief" Spencer once again wrote Ms. Smith's

18 employer in an attempt to get her terminated from her position.  No action has been taken on this

19 complaint as of this date.

20

21        36.  Afraid and unable to afford counsel, Mr. Denton entered a plea of no contest to the

22 charges in December 2006 not because he was guilty, which he was not, but because he could not

23 afford the expense of defending himself in court.  Mr. Denton was ordered to pay a fine.

24

25

26

27

28

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

Complaint for Violation of Civil Rights –
Jury Trial Demanded

Page 9

37.  Notwithstanding these facts, Deputy Schwartz, in conjunction with Deputy Martinez, called Mr. Denton and asked him to come down to the station.  When Mr. Denton asked if there was a problem or if he was going to be arrested, he was assured that would not happen.

38.  Not surprisingly at this point, Deputy Schwartz had lied and in fact did intend to arrest Mr. Denton.  When Mr. Denton arrived he was told there was a bench warrant for his arrest for failing to appear in court, and Mr. Denton explained that he had entered a plea through counsel and had paid his fines and fulfilled all conditions.  Mrs. Denton offered to go home and retrieve the necessary court papers to prove this.  Deputy Schwartz would have none of this, and insisted on arresting Mr. Denton and transporting him to jail.

39.  Mr. Denton told Deputy Schwartz that he was disabled and that he should not be handcuffed behind his back.  Despite this fact, and the fact that at this point Deputy Martinez told Deputy Schwartz that Mr. Denton was in fact disabled, Deputy Schwartz did handcuff Mr. Denton behind his back and placed him in a patrol vehicle.

40. Knowing that having Mr. Denton sit in the rear of a cramped patrol vehicle in handcuffs would cause him severe pain and injury, Deputy Schwartz allowed Mr. Denton to sit there for 20 minutes until Mr. Denton could take it no longer.

41.  Mr. Denton begged Deputy Schwartz to call an ambulance or at the very least transport him so that he could get out of the vehicle.  Deputy Schwartz sadistically forced Mr. Denton to sit there for at least 5 additional minutes.

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

42. Deputy Schwartz returned to the patrol car and said that there was no warrant and allowed Mr. Denton to go free.  At this pont, Mr. Denton was in severe pain and suffering from a serious injury.

# DAMAGES

43. As a proximate result of defendants' conduct, plaintiffs suffered pain and physical injuries.  As a further proximate result of defendants' conduct , plaintiffs suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, loss of reputation, and loss of their sense of security, dignity, and pride as citizens of the United States and veterans and parents of veterans of an unpopular war.

44. As a further proximate result of defendants' conduct, plaintiffs have incurred medical expenses and lost time from their usual occupations, and will continue to do so.

45. The conduct of defendant OFFICERS and SPENCER was malicious, wanton, and oppressive.  Plaintiffs are therefore entitled to award of punitive damages against defendant OFFICERS and SPENCER.

46. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of their civil rights.

//

//

//

Complaint for Violation of Civil Rights –
Jury Trial Demanded

Law Offices of Anthony Boskovich 28 North First Street, 6ᵗʰ Floor, San Jose, CA 95113  (408) 286-5150

# FIRST CLAIM FOR RELIEF
(42 U.S.C § 1983)
(Against defendant OFFICERS and SPENCER)

47.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 46 of this complaint.

48.   In doing the acts complained of, defendants OFFICERS and SPENCER acted under the color of the law to deprive the plaintiffs of certain constitutionally protected rights, including, but not limited to:

a.   The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

b.   The right not to be deprived of life, liberty, or property without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c.   The right to be free form the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

d.   The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;

e.   The right to be free from cruel and unusual punishment; and from pre-charging and pre-judgment punishments, as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution;

f.   The right to prompt medical attention while incarcerated as guaranteed by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution;

g.   the right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

h.   The right to prompt medical attention while in the control of government officers as guaranteed by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

49.   As a proximate result of defendants' wrongful conduct, plaintiffs suffered injuries and damages as set forth.

**WHEREFORE**,   Plaintiffs pray for relief as set forth.

## SECOND CLAIM FOR RELIEF
(42 U.S.C. § 1983)
(Against Defendants COUNTY, CITY, PUTHOFF, CHRISTIANSON, and SPENCER)

50.   Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 49 of this complaint.

51.   The COUNTY, CITY, PUTHOFF, CHRISTIANSON, and SPENCER, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by defendant police officers/deputy sheriffs herein and other Patterson police officers/Stanislaus County Deputy Sheriffs, consisting of the use of unnecessary and excessive force, false arrests of innocent persons, false arrests and false police reports alleging crimes that had not been committed as a pretext for covering up misdeeds of law enforcement and for retaliation, denial of medical care for disabled and injured persons, refusing to discipline officers guilty of misconduct, and unequal law enforcement.   Despite said notice, defendants COUNTY, CITY, PUTHOFF, CHRISTIANSON, and SPENCER have demonstrated deliberate indifference to this pattern and practices of constitutional violations by failing to take

Complaint for Violation of Civil Rights –
Jury Trial Demanded

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

1  necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern

2  of conduct by their officers. This lack of an adequate supervisorial response by defendants

3  COUNTY, CITY, PUTHOFF, CHRISTIANSON, and SPENCER demonstrates the existence of

4  an informal custom or policy which tolerates and promotes the continued use of unnecessary and

5  excessive force, false arrests of innocent persons, false arrests and false police reports alleging crimes

6  that had not been committed as a pretext for covering up misdeeds of law enforcement and for

7  retaliation, denial of medical care for disabled and injured persons, refusing to discipline officers

8  guilty of misconduct, and unequal law enforcement by it employees, agents, and officers.

9

10  52. The acts of defendant OFFICERS alleged herein are the direct and proximate result of

11  the deliberate indifference of defendants COUNTY, CITY, PUTHOFF, CHRISTIANSON, and

12  SPENCER and their supervisory officials and employees to violations of the constitutional rights

13  of persons by defendant OFFICERS herein, and other members of the Patterson Police

14  Department/Stanislaus County Sheriff's Office. The plaintiffs' injuries were foreseeable and a

15  proximate result of the deliberate indifference of the COUNTY, CITY, PUTHOFF,

16  CHRISTIANSON, and SPENCER to the pattern, practices, customs, and policies described above.

17

18  **WHEREFORE**, Plaintiffs pray for relief as set forth.

19

20

21

22  **THIRD CLAIM FOR RELIEF**
   (42 U.S.C. § 1983)

23  (Against Defendants COUNTY, CITY, PUTHOFF, CHRISTIANSON)

24

25  53. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 49 of this

26  complaint.

27

28  Complaint for Violation of Civil Rights –
   Jury Trial Demanded

*Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150*

54.  The COUNTY, CITY, PUTHOFF, and CHRISTIANSON, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by SPENCER herein, consisting of the abuse of government and police power, promoting harassment and arrest by asking for and/or condoning false police reports, retaliation for exercise of First Amendment rights to petition government for redress, attempts to interfere with employment relationships based upon false allegations, failing to discipline aberrant officers, as well other abuses.  Despite said notice, defendants COUNTY, CITY, PUTHOFF, and CHRISTIANSON have demonstrated deliberate indifference to this pattern and practices of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by their officers.  This lack of an adequate supervisorial response by defendants COUNTY, CITY, PUTHOFF, and CHRISTIANSON demonstrates the existence of an informal custom or policy which tolerates and promotes the continued abuse of government and police power, promoting harassment and arrest by, among other things, asking for and/or condoning false police reports, retaliation for exercise of First Amendment rights to petition government for redress, attempts to interfere with employment relationships based upon false allegations, failing to discipline aberrant officers, as well other abuses.

55.  The acts of defendant SPENCER alleged herein are the direct and proximate result of the deliberate indifference of defendants COUNTY, CITY, PUTHOFF, and CHRISTIANSON, and their supervisory officials and employees to violations of the constitutional rights of persons by defendant SPENCER herein, and other members of the Patterson Police Department/Stanislaus County Sheriff's Office.  The plaintiffs' injuries were foreseeable and a proximate result of the deliberate indifference of the COUNTY, CITY, PUTHOFF, and CHRISTIANSON to the pattern, practices, customs, and policies described above.

**WHEREFORE**, Plaintiffs pray for relief as set forth.

Complaint for Violation of Civil Rights –
Jury Trial Demanded

Page 15

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

**FOURTH CLAIM FOR RELIEF**
(Americans With Disabilities Act)
(By DENTON as against defendants COUNTY, CITY, PUTHOFF, CHRISTIANSON,
SPENCER, MARTINEZ and SCHWARTZ)

56.   Plaintiff realleges and incorporate by reference herein paragraphs 1 through 46 of this complaint.

57.   Pursuant to the Americans With Disabilities Act, a public entity illegally discriminates against persons with disabilities by excluding them from the benefits of services of the public entity under 42 U.S.C. section 12132.

58.   Defendants COUNTY, CITY, PUTHOFF, CHRISTIANSON, SPENCER, MARTINEZ, and SCHWARTZ violated the Americans With Disabilities Act by failing to provide adequate accommodation, transportation, and medical care for disabled prisoners such as Mr. Denton, instead subjecting them to needless pain and suffering during the arrest and transportation process, and retaliating against them if they dare attempted to improve their conditions.

59.   The conduct of the abovementioned defendants was motivated by a discriminatory animus and ill will toward disabled prisoners, resulting in an irrational prejudice wholly lacking a legitimate government interest.

**WHEREFORE,** Plaintiff prays for relief as set forth.

//
//
//
//
//

Complaint for Violation of Civil Rights –
Jury Trial Demanded

Page 16

# FIFTH CLAIM FOR RELIEF
(Assault and Battery)
(Against defendants OFFICERS)

60.   Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 46 of this complaint.

61.   Defendant OFFICERS committed assault and battery against plaintiffs by aggressively confronting plaintiffs, causing them fear of imminent physical harm, and by the violent and sadistic acts perpetrated against Messrs. Smith and Denton as enumerated.

62.   Defendants' conduct was neither privileged nor justified under statute or common law.

63.   As a proximate result of defendants' wrongful conduct, plaintiffs suffered damages as set forth.

64.   Since the conduct of defendant officers occurred in the course and scope of their employment, defendants COUNTY and CITY are therefore liable to plaintiff pursuant to respondeat superior.

**WHEREFORE**, Plaintiffs pray for relief as set forth.

//
//
//
//
//
//

Complaint for Violation of Civil Rights –
Jury Trial Demanded

Page 17

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

### SIXTH CLAIM FOR RELIEF
(False Imprisonment)
(Against defendants OFFICERS and SPENCER)

65.   Plaintiffs realleges and incorporates by reference herein paragraphs 1 through 46 of this complaint.

66.   On or about 2 June 2006, defendant OFFICERS arrested plaintiff Wayne Smith maliciously and without a warrant or order of commitment of any kind, or any other legal authority of any kind, even though plaintiff had not committed any crime or public offense.   Defendant OFFICERS did not have reasonable cause to believe that plaintiff had committed any offense.

67.   Defendant OFFICERS transported Mr. Smith to jail where plaintiff was imprisoned until his eventual release.

68.   Later, at the behest of SPENCER, defendant OFFICERS falsified police reports and saw to it that Tamara Smith was charged with a crime, causing Ms. Smith to be unlawfully restrained of her liberty.

69.   On 4 January 2006, Mr. Denton was illegally lured to the sheriff's office and arrested by defendants SCHWARTZ and MARTINEZ on the grounds that there was a warrant for his arrest when in fact no such warrant existed.

70.   The conduct of defendant OFFICERS and SPENCER, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.   However, in order to deliberately injure plaintiffs, defendant OFFICERS and SPENCER committed the aforementioned extreme and outrageous acts with the

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113   (408) 286-5150

Complaint for Violation of Civil Rights –
Jury Trial Demanded

Page 18

1  intent to inflict severe injury upon plaintiffs, thereby justifying an award of punitive damages against

2  defendant OFFICERS.

3

4      71.  As a proximate result, plaintiff suffered damages as set forth.

5

6      72.  Since the conduct of defendant officers occurred in the course and scope of their

7  employment, defendants COUNTY and CITY are therefore liable to plaintiffs pursuant to

8  respondeat superior.

9

10     **WHEREFORE**, Plaintiffs pray for damages as set forth.

11

12

13              **SEVENTH CLAIM FOR RELIEF**
                (Intentional Infliction of Emotional Distress)
14            (Against defendants OFFICERS and SPENCER)

15

16     73.  Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 46 of this

17  complaint.

18

19     74.  The conduct of defendant OFFICERS and SPENCER, as set forth herein, was extreme

20  and outrageous and beyond the scope of conduct which should be tolerated by citizens in a

21  democratic and civilized society.  However, in order to deliberately injure plaintiffs, defendant

22  OFFICERS and SPENCER committed the aforementioned extreme and outrageous acts with the

23  intent to inflict severe mental and emotional distress upon plaintiffs.

24

25     75.  As a proximate result of defendants' willful, intentional and malicious conduct, plaintiffs

26  suffered severe and extreme metal and emotional distress.  Therefore, plaintiffs are entitled to an

27

28  Complaint for Violation of Civil Rights –
    Jury Trial Demanded                                                          Page 19

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

1  award of punitive damages as against the individually named police officers and SPENCER.

2  Plaintiffs have suffered damages as set forth.

3

4       76. Since the conduct of defendant OFFICERS and SPENCER occurred in the course and

5  scope of their employment, defendants COUNTY and CITY are therefore liable to plaintiffs

6  pursuant to respondeat superior.

7

8       **WHEREFORE**, Plaintiffs pray for relief as set forth

9

10

11                      **EIGHTH CLAIM FOR RELIEF**
                         (Negligence)

12                 (Against defendants OFFICERS)

13

14       77. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 76 of this

15  complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton,

16  and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

17

18       78. At all times herein mentioned, defendants were subject to a duty of care, to avoid causing

19  unnecessary physical harm and distress to citizens in the exercise of the police function. The conduct

20  of defendants, as set forth herein, did not comply with the standard of care to be exercised by

21  reasonable police officers and deputy sheriffs, proximately causing plaintiffs to suffer damages as set

22  forth.

23

24       79. Since the conduct of defendant OFFICERS and SPENCER occurred in the course and

25  scope of their employment, defendants CITY and COUNTY are therefore liable to plaintiffs

26  pursuant to respondeat superior.

27

28  Complaint for Violation of Civil Rights –
    Jury Trial Demanded                                       Page 20

*Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150.*

**WHEREFORE**, Plaintiffs pray for relief as set forth.


**NINTH CLAIM FOR RELIEF**
(Negligent Infliction of Emotional Distress)
(Against defendants OFFICERS and SPENCER)

80.   Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 79 of this complaint, except for any and all allegation of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

81.   At all times herein mentioned, defendants were subject to a duty of care, to avoid causing unnecessary emotional harm and distress to citizens.  The conduct of defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers and firefighters, proximately causing plaintiffs to suffer damages as set forth.

82.   The conduct of defendant OFFICERS and SPENCER as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.

83.   As a proximate result of defendants' conduct, plaintiffs suffered severe and extreme mental and emotional distress.  Plaintiffs have suffered damages as set forth.

**WHEREFORE**, Plaintiff prays for relief as set forth.

//
//
//

Complaint for Violation of Civil Rights –
Jury Trial Demanded

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

**TENTH CLAIM FOR RELIEF**
(California Civil Code § 52.1)
(Against defendants OFFICERS and SPENCER)

84. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 46 of this complaint.

85. The conduct of defendant OFFICERS and SPENCER as described herein violated California Civil Code  section 52.1, in that they interfered with plaintiffs' exercise and enjoyment of their civil rights, as enumerated above, through use of wrongful force, false arrest and imprisonment, creating false police reports, retaliation, and interfering with the employment of Tamara Smith.

86.  As a direct and proximate result of defendants' violation of Civil Code section 52.1 plaintiffs suffered violation of their constitutional rights, and suffered damages as set forth.

87.  Since the conduct of defendant officers occurred in the course and scope of their employment, defendant CITY is therefore liable to plaintiffs pursuant to respondeat superior.

88.  Plaintiffs are entitled to an award of reasonable attorney's fees pursuant to Civil Code section 52.1.

**WHEREFORE**, Plaintiff prays for relief as set forth.

//
//
//
//

Complaint for Violation of Civil Rights –
Jury Trial Demanded

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

## ELEVENTH CLAIM FOR RELIEF
(Breach of Mandatory Duty)
(As to plaintiff Denton only)

89.  Plaintiff realleges and incorporate by reference herein paragraphs 1 through 46 of this complaint.

90.  At all times mentioned herein, defendants CITY and COUNTY were under certain mandatory duties imposed by enactments designed to protect against the risks for particular injuries. Among those duties are:

a.  The duty to provide prompt and adequate medical attention to incarcerated persons as provided for by Government Code section 845.6, as well as the Eighth and Fourteenth Amendments to the United States Constitution.

91.  Defendants CITY and COUNTY breached this mandatory duties when plaintiff was denied prompt and adequate medical care while in custody.

92.  The breach of defendants CITY's and COUNTY's mandatory duties as alleged above has resulted in injury and damages to plaintiff in an amount according to proof.

**WHEREFORE**, plaintiff prays for relief as set forth.

//
//
//
//
//
//

Complaint for Violation of Civil Rights –
Jury Trial Demanded

Page 23

**TWELFTH CLAIM FOR RELIEF**
(Slander per se)
(As to plaintiff Wayne Smith against defendant MELLO)

93.   Plaintiff realleges and incorporate by reference herein paragraphs 1 through 46 of this complaint.

94.   On or about 2 June 2006 defendant MELLO stated words to the effect that plaintiff had been dishonorably discharged from the Marines, had done nothing for his country, and that he had done nothing in Iraq.

95.   The words were heard by George Denton and others whose names are unknown to plaintiff.

96.   These words were slanderous per se because they tend by their very nature to cause actual damage, and also because they have the natural tendency to injure plaintiff in his trade or business in that a dishonorable discharge oftentimes disqualifies a person from employment.

97.   The words uttered were false because plaintiff was not dishonorably discharged, and instead had honorably served his country and faced vicious combat in Iraq.

98.   As a result of the above-described words, plaintiff has suffered general damage to his reputation.

99.   The above-described words were spoken by defendant with malice and oppression, and thus an award of punitive damages is justified.

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

**Wherefore**, plaintiff prays for relief as set forth.

### THIRTEENTH CLAIM FOR RELIEF
(Slander)
(As to plaintiff Wayne Smith against defendant MELLO)

100.   Plaintiff realleges and incorporate by reference herein paragraphs 1 through 46 of this complaint.

101.   On or about 2 June 2006 defendant MELLO stated words to the effect that plaintiff had been dishonorably discharged from the Marines, had done nothing for his country, and that he had done nothing in Iraq.

102.   The words were heard by George Denton and others whose names are unknown to plaintiff.

103.   The words uttered were false because plaintiff was not dishonorably discharged, and instead had honorably served his country and faced vicious combat in Iraq.

104.   As a result of the above-described words, plaintiff has suffered general damage to his reputation and severe emotional distress.

105.   The above-described words were spoken by defendant with malice and oppression, and thus an award of punitive damages is justified.

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113   (408) 286-5150

**Wherefore**, plaintiff prays for relief as set forth.

### FOURTEENTH CLAIM FOR RELIEF
(Libel)
(As to plaintiff Tamara Smith against defendant SPENCER)

106.   Plaintiff realleges and incorporate by reference herein paragraphs 1 through 46 of this complaint.

107.   At some point after 2 June 2006, defendant wrote letters to plaintiff's employer stating that she had committed a crime and that the reports were being forwarded for criminal prosecution, and enclosed the police reports.

108.   These reports were in fact false, and SPENCER knew that they were false when he sent them.

109.   These letters were received and read by plaintiff's employer.

110.   These letters have a tendency to injure the plaintiff in her occupation in law enforcement because they accuse plaintiff of a crime.

111.   The above-described communications were not privileged because they were not written in the proper discharge of an official duty, and because SPENCER published them with personal animosity, hatred, and ill will toward plaintiff and with either the knowledge that they were false or without any reasonable grounds for believing that they were true.

Complaint for Violation of Civil Rights –
Jury Trial Demanded

Page 26

Law Offices of Anthony Boskovich 28 North First Street, 6ᵗʰ Floor, San Jose, CA 95113  (408) 286-5150

112. As a proximate result of the above-described publications, plaintiff has suffered loss of her reputation, shame, mortification, and hurt feelings, all to her general damage.

113. As a further result of the above-described publications, plaintiff has been injured in her employment in an amount according to proof.

**Wherefore**, plaintiff prays for relief as set forth.

**FIFTEENTH CLAIM FOR RELIEF**
(Intentional Interference with Contract)
(By Tamara Smith as against SPENCER)

114. Plaintiff realleges and incorporate by reference herein paragraphs 1 through 46 and 106 through 111 of this complaint.

115. Plaintiff at all times mentioned herein was employed by the City of Mountain View, California, and its police department, and SPENCER knew of this employment relationship.

116. Plaintiff's employer is investigating the matter as a result of the conduct of SPENCER, and plaintiff has suffered damages in an amount according to proof.

117. The above-described conduct of SPENCER was done with malice and oppression, and thus an award of punitive damages is justified.

118. SPENCER threatens to, and unless restrained, will continue to attempt to disrupt plaintiff's employment relationship, all to plaintiff's great and irreparable injury, for which damages

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

1  would not afford adequate relief, in that they would not completely compensate plaintiff for the loss

2  that she would suffer.

3

4        **Wherefore**, plaintiff prays for relief as set forth.

5

6

7                        **SIXTEENTH CLAIM FOR RELIEF**
                        (Negligent Interference with Contract)
8                    (By Tamara Smith as against SPENCER)

9

10       119.  Plaintiff realleges and incorporate by reference herein paragraphs 1 through 46 and

11  106 through 111 of this complaint.

12

13       120.  Plaintiff at all times mentioned herein was employed by the City of Mountain View,

14  California, and its police department, and SPENCER knew of this employment relationship.

15

16       123.  Plaintiff's employer is investigating the matter as a result of the conduct of SPENCER,

17  and plaintiff has suffered damages in an amount according to proof.

18

19       124.  SPENCER knew that letters such as those alleged would have a negative impact on

20  plaintiff's relationship with her employer.

21

22       125.  Despite knowledge of the potential adverse impact on plaintiff, SPENCER sent the

23  letters to plaintiff's employer.

24

25       126.  Plaintiff has suffered adverse impact on her employment, as well as severe emotional

26  distress, shame, humiliation, and other damages.

27

28

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

**Wherefore**, plaintiff prays for relief as set forth.

# CLAIM REQUIREMENT

127. For state causes of action related to Federal claims, plaintiffs are required to comply with an administrative claim requirement under California Law. Plaintiffs have complied with all applicable requirements.

# JURY DEMAND

128. Plaintiffs hereby demand a jury trial in this action.

# PRAYER

**WHEREFORE**, Plaintiffs prays for relief as follows:

1. General damages in an amount no less than $1,000,000;

2. Special damages in an amount no less than $250,000;

3. Punitive damages in an amount no less than $5,000,000;

4. Reasonable attorney fees, pursuant to Civil Code section 52, subdivision (b);

5. Reasonable attorney's fees pursuant to 42 U.S.C. section 1988;

6. For an order requiring defendant SPENCER to show cause, if any he has, why he should not be enjoined as set forth during the pendency of this action;

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

Complaint for Violation of Civil Rights –
Jury Trial Demanded

7.  For a temporary retraining order, a preliminary injunction, and a permanent injunction, all enjoining defendant SPENCER from making any false representations or harassing plaintiff's employer;

8.  Costs of suit incurred herein; and,

9.  Such other and further relief as the Court may deem just and proper.

Dated: 15 June 2007

LAW OFFICES OF ANTHONY BOSKOVICH

By: _____
Anthony Boskovich
Attorney for Plaintiffs

Law Offices of Anthony Boskovich 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

Complaint for Violation of Civil Rights –
Jury Trial Demanded