UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA SMITH; WAYNE SMITH; GEORGE DENTON,<br><br>        Plaintiffs,<br><br>  v.<br><br>TYRONE SPENCER, et al.,<br><br>        Defendants. | 1:07-cv-0860 OWW GSA<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 12/31/08<br><br>Non-Dispositive Motion Filing Deadline: 1/15/09<br><br>Dispositive Motion Filing Deadline: 1/30/09<br><br>Settlement Conference Date: None<br><br>Pre-Trial Conference Date: 4/13/09 11:00 Ctrm. 3<br><br>Trial Date:  5/27/09 9:00 Ctrm. 3 (JT-10 days) |

I.   Date of Scheduling Conference.

     January 11, 2007.

II.  Appearances Of Counsel.

     Anthony Boskovich, Esq., appeared on behalf of Plaintiffs.

     Dan Farrar, Esq., appeared on behalf of all Defendants except Mark Puthuff, John Doe and Richard Roe.  As to Defendant Puthuff, Plaintiff will determine, within 60 days, whether or not to dismiss without prejudice as to that Defendant.

III.  Summary of Pleadings.

    1.  On June 2, 2006, Plaintiffs attended the Apricot Fiesta in Patterson, California.

    2.  Plaintiffs encountered Defendant Deputies and obeyed all commands, but despite this, were harassed both verbally and physically by the Deputies.

    3.  Plaintiffs attempted to go home but were unlawfully pursued by the Deputies.  Wayne Smith, a veteran of the Iraq war, was illegally detained and excessive force was used.  George Denton, a disabled man, was also subjected to excessive force.  Tamara Smith, Wayne's mother and an employee of the Mountain View Police Department, attempted to calm the situation but was also subjected to excessive force.

    4.  Eventually Messrs. Smith and Denton were arrested, and Mr. Smith was subjected to verbal abuse by being accused of being dishonorably discharged and having done nothing for his country.

    5.  In transporting these men, Deputies refused to accommodate Mr. Denton's obvious physical disabilities, and instead demeaned and humiliated him by forcing him to crawl on the ground to the Sheriff's vehicle.

    6.  "Chief" Spencer had a grudge against Ms. Smith and ordered his subordinates to falsify their police reports and to convince the Stanislaus County District Attorney to prosecute her.

    7.  "Chief" Spencer also wrote Ms. Smith's employer in an attempt to retaliate against her and have her terminated from her employment.

    8.  Despite Plaintiffs' allegations, the Deputies acted

reasonably at all times and in a good faith belief that their actions were proper.  The Plaintiffs in this action violated various state laws and created the problems of which they now complain.

IV.  Orders Re Amendments To Pleadings.

    1.   The parties do not contemplate amending the pleadings at this time.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   The individually named Defendants are employees of the Stanislaus County Sheriff's Department.

        2.   The Stanislaus County Sheriff's Department is contractually obligated to provide police services for the City of Patterson.

        3.   The incident occurred on or about June 2, 2006, at the Apricot Fiesta in Patterson, California.

        4.   Wayne Smith and George Denton were arrested on June 2, 2006.

        5.   A complaint was filed against Tamara Smith and that case is pending in the County of Stanislaus, State of California, Superior Court, for resisting or obstructing an officer in the performance of duties.

    B.   Contested Facts.

        1.   All remaining facts are disputed.

VI.  Legal Issues.

    A.   Uncontested.

        1.   Jurisdiction exists under 28 U.S.C. § 1331 and the

3

1  Federal Civil Rights Act, 42 U.S.C. § 1983 et seq.
2       2.   Venue is proper under 28 U.S.C. § 1391.
3       3.   As to supplemental claims, the parties agree that
4  the substantive law of the State of California provides the rule
5  of decision.
6    B.   Contested.
7       1.   All remaining legal issues are contested.
8  VII. Consent to Magistrate Judge Jurisdiction.
9       1.   The parties have not consented to transfer the
10 case to the Magistrate Judge for all purposes, including trial.
11 VIII.    Corporate Identification Statement.
12      1.   Any nongovernmental corporate party to any action in
13 this court shall file a statement identifying all its parent
14 corporations and listing any entity that owns 10% or more of the
15 party's equity securities.  A party shall file the statement with
16 its initial pleading filed in this court and shall supplement the
17 statement within a reasonable time of any change in the
18 information.
19 IX.  Discovery Plan and Cut-Off Date.
20      1.   The parties are ordered to complete all discovery on
21 or before December 31, 2008.
22      2.   The parties are directed to disclose all expert
23 witnesses, in writing, on or before October 31, 2008.  Any
24 rebuttal or supplemental expert disclosures will be made on or
25 before December 1, 2008.  The parties will comply with the
26 provisions of Federal Rule of Civil Procedure 26(a)(2) regarding
27 their expert designations.  Local Rule 16-240(a) notwithstanding,
28 the written designation of experts shall be made pursuant to F.

4

R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    3.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before January 15, 2009, and heard on February 20, 2009, at 9:00 a.m. before Magistrate Judge Gary S. Austin in Courtroom 10.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than January 30, 2009, and will be heard on March 9, 2009, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

    1.   April 13, 2009, at 11:00 a.m. in Courtroom 3, 7th

Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Trial Date.

    1.   May 27, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a jury trial.

    3.   Counsels' Estimate Of Trial Time:

        a.   10 days.

    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIII.   Settlement Conference.

    1.   The parties will notify the Courtroom Deputy Clerk in the event a Settlement Conference will be productive.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy

6

to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences.  Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

     4.    Confidential Settlement Conference Statement.  At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

     5.    The Confidential Settlement Conference Statement shall include the following:

        a.    A brief statement of the facts of the case.

        b.    A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

1              c.   A summary of the proceedings to date.
2              d.   An estimate of the cost and time to be
3 expended for further discovery, pre-trial and trial.
4              e.   The relief sought.
5              f.   The parties' position on settlement,
6 including present demands and offers and a history of past
7 settlement discussions, offers and demands.
8 XIV. Request For Bifurcation, Appointment Of Special Master,
9 Or Other Techniques To Shorten Trial.
10      1.   In the event extended Monell evidence is required, the
11 trial shall be trifurcated.  Liability and the amount of damages,
12 if any, except punitive damages, shall be tried in the first
13 phase.  The second phase shall address Monell issues.  The third
14 phase shall address the amount of punitive damages, if any.
15 XV.  Related Matters Pending.
16      1.   There is a related matter entitled *People v. Tamara*
17 *Smith*, set for trial in the Superior Court of California, County
18 of Stanislaus, on February 4, 2008.
19 XVI. Compliance With Federal Procedure.
20      1.   The Court requires compliance with the Federal
21 Rules of Civil Procedure and the Local Rules of Practice for the
22 Eastern District of California.  To aid the court in the
23 efficient administration of this case, all counsel are directed
24 to familiarize themselves with the Federal Rules of Civil
25 Procedure and the Local Rules of Practice of the Eastern District
26 of California, and keep abreast of any amendments thereto.
27 XVII.     Effect Of This Order.
28      1.   The foregoing order represents the best

estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:   January 11, 2008**               /s/ Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE